UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:08-CR-24-TLS |
| MATTHEW J. MCCHESNEY | |

**OPINION AND ORDER**

This matter is before the Court on an Agreed Motion to Modify Sentence [ECF No. 119], filed by the parties on January 14, 2021. The motion is based on Amendment 782, which reduced by 2 levels the base offense levels assigned to drug quantities, and on the Supreme Court's decision in *Hughes v. United States*, 138 S. Ct. 1765 (2018), which held that relief under § 3582(c) should be available to a defendant with a binding plea agreement under Rule 11(c)(1)(C). The parties request that the Court modify the Defendant's sentence on Count 3 to 168 months of imprisonment with an unaltered consecutive sentence of 60 months imprisonment on Count 4. For the reasons set forth below, the Court GRANTS the Motion.

Courts have limited authority to modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c). However, the statute provides an exception applicable here:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014) (noting that a court may reduce a sentence under § 3582(c)(2) "if (1) the original sentence was 'based on' a subsequently lowered sentencing range and (2) the reduction is consistent with the

policy statements issued by the Commission"). In *Hughes v. United States*, the United States Supreme Court held that "a sentence imposed pursuant to a Type–C agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." 138 S. Ct. 1765, 1775 (2018). A reduction in a defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with the applicable policy statement if an "amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, cmt. 1(A).

The parties cite Amendment 782 to the Sentencing Guidelines, which reduced by 2 levels the base offense levels assigned to drug quantities in § 2D1.1. In this case, the plea agreement was based on the Guidelines range, and Amendment 782 has the effect of lowering the guideline range that is applicable to the Defendant. *See* Addendum to the Presentence Report, ECF No. 121. Pursuant to a binding Rule 11(c)(1)(C) plea agreement, the Defendant pleaded guilty to Counts 3 and 4 of the Indictment. The original guidelines range for Count 3 was 210 to 262 months based on a total offense level of 37 and a Criminal History Category of I. In the Rule 11(c)(1)(C) plea agreement, the Defendant agreed to a binding sentence of 264 months of imprisonment on Count 3 and a consecutive 60 months of imprisonment on Count 4, for a total binding sentence of 324 months of imprisonment. *See* Plea Agreement, ECF No. 88. The Court accepted the term and sentenced the Defendant accordingly. ECF No. 109–11. The new guidelines range for Count 3 is 168 to 210 months of imprisonment based on a lowered total offense level of 35. Additionally, because the Defendant was found to meet the criteria set for imposition of a sentence on Count 3 in accordance with the applicable guidelines, without regard

to any statutory minimum sentence, *see* 18 U.S.C. § 3553(f), the operation of a statutory mandatory minimum does not preclude the reduction.

The Addendum provided by the United States Probation Office does not identify any public safety factors that would adversely impact the Court's decision. The Court has considered the Defendant's offense of conviction, the kinds of sentences available, that the Defendant has not had any disciplinary sanctions while in the Bureau of Prisons, and the Defendant's participation in several educational courses. Having now considered the Agreed Motion and the sentencing factors of § 3553(a), the Court reduces the Defendant's sentence on Count 3 to 168 months of imprisonment. The sentence on Count 4 remains a consecutive term of 60 months of imprisonment, with a resulting total sentence on both counts of 228 months of imprisonment. The Bureau of Prisons is responsible for the calculation of good time credits and release date.

## CONCLUSION

Based on the above, the Court hereby ORDERS that:

1. The Agreed Motion to Modify Sentence [ECF No. 119] is GRANTED and the Defendant's Petition to Modify Sentence [ECF No. 115] is DENIED as moot;

2. A Second Amended Judgment be entered reducing the Defendant's sentence on Count 3 to 168 months;

3. The provisions of the Defendant's Amended Judgment of March 9, 2011, shall otherwise remain unchanged;

4. This Opinion and Order, as well as the Second Amended Judgment, be provided to the Bureau of Prisons.

SO ORDERED on February 9, 2021.

        s/ Theresa L. Springmann  
        JUDGE THERESA L. SPRINGMANN  
        UNITED STATES DISTRICT COURT